**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-4084**

---

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

JOSEPH PULLINS,

                                    Defendant - Appellant.

---

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  David A. Faber, Chief District Judge.  (CR-04-126)

---

Submitted:  August 31, 2005        Decided:  September 30, 2005

---

Before MOTZ, TRAXLER, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Carl J. Dascoli, Jr., MICHAEL R. CLINE LAW OFFICES, Charleston, West Virginia, for Appellant.  Kasey Warner, United States Attorney, Edward J. Kornish, Special Assistant United States Attorney, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Joseph Pullins appeals from his twenty-seven month prison sentence for conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 (2000).[1]  Finding no reversible error, we affirm.

Pullins claims that the district court improperly sentenced him when it imposed a sentence greater than the maximum authorized by the facts in the indictment to which he pled guilty. Because Pullins failed to raise this claim below, we must review it for plain error.  United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005).  Pullins pled guilty to conspiracy to distribute cocaine on October 14, 2003.  At sentencing, the district court found Pullins responsible for cocaine equivalent to 11.95 kilograms of marijuana, but only 3.647 kilograms of that amount is attributable to Pullins' actions on October 14.  That 3.647 kilograms of marijuana equivalent results in a base offense level of twelve, not the offense level of sixteen upon which Pullins' sentence was calculated.[2]  Applying offense level twelve[3] and

---

[1]Pullins does not challenge his conviction.

[2]Just as we noted in Hughes, 401 F.3d at 545 n.4, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Pullins' sentencing.

[3]As in United States v. Evans, 416 F.3d 298 (4th Cir. 2005), for purposes of determining whether a Sixth Amendment violation occurred, the sentence imposed on Pullins is compared against the guideline range he should have received, based on a jury verdict or admitted conduct, excluding the adjustment for acceptance of responsibility.

Pullins' criminal history category of IV, Pullins' sentencing range would have been twenty-one to twenty-seven months. Pullins' sentence of twenty-seven months fell within that range. As Pullins' sentence did not exceed the maximum authorized by the facts of the offense to which he pled guilty, no Sixth Amendment violation occurred that affected his substantial rights. Accordingly, the district court did not commit plain error. See Evans, 416 F.3d at 298.

To the extent Pullins argues that the district court's treatment of the sentencing guidelines as mandatory requires resentencing, this claim also fails. Although Pullins is correct that the district court erred in treating the guidelines as mandatory, see Hughes, 401 F.3d at 547-48, we have held that in the plain error context, the error of sentencing under the mandatory guidelines regime does not warrant a presumption of prejudice, nor is it a structural error. United States v. White, 405 F.3d 208, 224 (4th Cir. 2005). Nothing in the record suggests the error in applying the guidelines as mandatory affected the court's ultimate determination of Pullins' sentence. Accordingly, Pullins cannot satisfy the prejudice requirement of the plain error standard.

Accordingly, we affirm Pullins' sentence. We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED